■ WALTER CARTIER et al., Respondents, v LONG ISLAND COLLEGE HOSPITAL et al., Appellants. — In an action to recover damages for personal injuries, etc., defendants appeal from an order of the Supreme Court, Kings County (Scholnick, J.), dated June 27, 1984, which denied their motion for summary judgment.

Order reversed, on the law, without costs or disbursements, defendants' motion for summary judgment granted, and complaint dismissed.

On June 4, 1981, plaintiff Walter Cartier was injured when a car driven by William Vasquez left the road and struck him while he was standing on a public sidewalk. Vasquez had been drinking heavily and apparently had blacked out at the wheel immediately before the accident.

Prior to the date of the accident, Vasquez had been treated at an alcoholism out-patient treatment center run by defendant Long Island College Hospital, by defendants Alverado and Keeley, physicians who practice in the hospital's out-patient clinic.

Plaintiffs subsequently brought suit against defendants, demanding damages, *inter alia,* for the personal injuries William Cartier had sustained. They alleged that since defendants knew or should have known that Vasquez was an alcoholic and dangerous to the public at large, defendants should have (1) notified the New York State Department of Motor Vehicles (DMV) that Vasquez, who owned a car, was an alcoholic; (2) requested that the DMV revoke Vasquez' driver's license; (3) taken steps to prevent Vasquez from driving; and (4) taken other steps to prevent the occurrence. Vasquez was not made a party to the action.

Defendants moved for summary judgment on the ground that the relationship between defendants and Vasquez did not give rise to a duty on the part of the defendants to control the actions of Vasquez. In addition, defendants could not have warned the DMV that Vasquez was being treated for alcoholism because, had they done so, they would have breached Federal and State statutes mandating confidentiality.

In opposition to the motion, plaintiffs submitted a statement given by Vasquez to a private investigator in which Vasquez

stated that defendant physicians "told me that I should not drive but they did not make an effort to remove my license".

Special Term denied the motion. Defendants contend that Special Term erred because they had no duty to the public at large to take actions which would prevent Vasquez from driving. We agree.

The relationship between Vasquez and defendants was not one which required defendants to control Vasquez' conduct as Vasquez merely attended the hospital's out-patient alcoholism clinic and had not been admitted to the hospital (*see, Pulka v Edelman,* 40 NY2d 781; *Brady v Hopper,* 570 F Supp 1333, *affd* 751 F2d 329; *Hasenei v United States,* 541 F Supp 999; *cf. Semler v Psychiatric Inst.,* 538 F2d 121, *cert denied sub nom. Folliard v Semler,* 429 US 827; *Hicks v United States,* 511 F2d 407; *Merchants Natl. Bank & Trust Co. v United States,* 272 F Supp 409).

As defendants did not have a duty to control Vasquez' conduct, there has been no breach, and without a breach, there can be no liability to plaintiffs (*Pulka v Edelman, supra*). Furthermore, we find that defendants acted reasonably by telling Vasquez not to drive (*Gooden v Tips,* 651 SW2d 364 [Tex]; *Myers v Quesenberry,* 144 Cal App 3d 888, 193 Cal Rptr 733; *Kaiser v Surburban Transp. Sys.,* 65 Wn 2d 461, 398 P2d 14, *mod on other grounds* 65 Wn 2d 461, 401 P2d 350), and cannot be held liable for failing to take additional steps to prevent him from driving. Moreover, that one should not drive while intoxicated is common knowledge. This can be distinguishable from a situation in which a medication, the side effects of which are not known to a layperson, is administered by a doctor (*see, Gooden v Tips, supra; Kaiser v Surburban Transp. Sys., supra*).

The steps which plaintiffs would require that doctors and hospitals take to avoid liability when treating alcoholics are in direct contravention to the public policy of encouraging individuals to attend alcohol abuse treatment centers. The knowledge that the identities of individuals attending these centers would not be kept confidential would discourage individuals from seeking treatment (*Matter of Commissioner of Social Servs. v David R. S.,* 55 NY2d 588; *People v Newman,* 32 NY2d 379, *cert denied* 414 US 1163).

In conclusion, summary judgment is appropriate as no questions of fact have been presented which must be determined by a jury (*Andre v Pomeroy,* 35 NY2d 361). The only issue to be determined is whether defendants owed a duty to the general public to control Vasquez, which is a question of law (*see, Semler v Psychiatric Inst., supra*). As defendants did not have a duty to

control Vasquez' conduct, defendants' motion for summary judgment should have been granted. Mangano, J. P., Bracken, Rubin and Kunzeman, JJ., concur.