**Reneice WATSON, Plaintiff,**

v.

**SHARP AIR FREIGHT SERVICES, INC. and Wayne M. Montanya, Defendants.**

**SHARP AIR FREIGHT SERVICES, INC. and Wayne M. Montanya, Third–Party Plaintiffs,**

v.

**OCCUPATIONAL HEALTH SERVICES, P.C., d/b/a Kennedy Medical Office, Third–Party Defendants.**

No. 91 CV 2329.

United States District Court,
E.D. New York.

April 16, 1992.

Lance Ehrenberg, Mineola, N.Y., for plaintiff.

Stuart R. Friedman, Moore & Lafferty, Brooklyn, N.Y., for defendants/third-party plaintiffs.

Marc J. Citrin, New York City, for third-party defendants.

## MEMORANDUM AND ORDER

HURLEY, District Judge.

In the above-referenced action, Reneice Watson ("plaintiff") sues defendants Sharp Air Freight Services, Inc. ("Sharp Air Freight") and Wayne Montanya ("Montanya") to recover damages for injuries she sustained on March 29, 1991. On that date, Montanya was operating a Sharp Air Freight truck which collided with plaintiff's vehicle. Jurisdiction is premised on diversity of citizenship, pursuant to 28 U.S.C. § 1332(a). Defendants subsequently initiated a third-party complaint against Occupational Health Services, P.C. d/b/a Kennedy Medical Office ("Kennedy Medical"), alleging that if plaintiff sustained the injuries claimed in her complaint, then those injuries were caused by the negligence of third-party defendant, who should be liable for any damages recovered by plaintiff.

Currently before the Court is a motion by Kennedy Medical for summary judgment as to the third-party complaint pursuant to Rule 56(c) of the Federal Rules of Civil Procedure. Also before the Court are the parties' cross-motions for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. After a brief statement of the relevant facts, the Court will address the parties' motions.

## BACKGROUND

On March 29, 1991, Montanya was unloading a truck owned by his employer, Sharp Air Freight, when he hit his head on the tractor portion of the vehicle. Unable to stop the bleeding, Montanya entered the truck and drove a short distance to Kennedy Medical's office, which is located at John F. Kennedy International Airport in Queens, New York. Montanya entered Kennedy Medical, allegedly with his injury apparent, and stated that he was a truck driver in need of medical attention. A Kennedy Medical employee told Montanya that they would not accept insurance, and that a sixty-five dollar cash payment would be required before treatment. Montanya did not have the money, and consequently left with the intention to find medical attention elsewhere. As he drove down Rockaway Boulevard after leaving Kennedy Medical, Montanya blacked out; a collision with plaintiff then occurred. After regaining consciousness, Montanya returned to Kennedy Medical, which then accepted his insurance and treated the injury.

Plaintiff thereafter sued Montanya and Sharp Air Freight. Defendants impleaded Kennedy Medical and claimed that its original failure to treat Montanya was a breach of its duty to plaintiff, as a member of the general public, and that the breach proximately caused plaintiff's injuries. As noted above, Kennedy Medical currently moves for summary judgment and dismissal of the third-party complaint for failure to state a claim upon which relief can be granted. Kennedy Medical argues that because it owed no duty of any kind to plaintiff, it breached no duty. In addition, Kennedy Medical moves for an order, pursuant to Rule 11 of the Federal Rules of Civil Procedure, granting sanctions against defendants/third-party plaintiffs for bringing an allegedly frivolous action. Finally, plaintiff and defendants similarly move for sanctions pursuant to Rule 11.

## DISCUSSION

A motion for summary judgment may be granted only when it is shown that "there is no genuine issue as to any material fact

and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Donahue v. Windsor Locks Bd. of Fire Comm'rs*, 834 F.2d 54, 57 (2d Cir.1987); *Winant v. Carefree Pools*, 709 F.Supp. 57, 59 (E.D.N.Y.), *aff'd*, 891 F.2d 278 (2d Cir.1989). The burden rests on the moving party to establish the absence of a genuine issue as to any material fact. *Donahue*, 834 F.2d at 57. Additionally, the Court must resolve all ambiguities and draw all reasonable inferences in favor of the non-moving party. *Id.*

■ In order to prove negligence, a plaintiff must demonstrate: (1) the existence of a legal duty owed by defendant to plaintiff; (2) a breach of that duty; and (3) injury to plaintiff as a result of that breach. *Akins v. Glens Falls City Sch. Dist.*, 53 N.Y.2d 325, 424 N.E.2d 531, 441 N.Y.S.2d 644 (1981) (citation omitted); *Kazanoff v. United States*, 945 F.2d 32, 35 (2d Cir.1991). Therefore, in order for Kennedy Medical to be liable in negligence to plaintiff, it must be established that Kennedy Medical owed plaintiff a duty to control Montanya's conduct. If Kennedy Medical owed such a duty, then there is a material issue of fact as to whether that duty was breached, and whether the breach proximately caused plaintiff's injuries. However, the threshold issue of whether a person or entity owes a duty of care to another is a question of law for the court. *Purdy v. Public Adm'r of Westchester County*, 72 N.Y.2d 1, 8, 526 N.E.2d 4, 6–7, 530 N.Y.S.2d 513, 516 (1988) (citations omitted).

■ Ordinarily, there is no duty to control the conduct of third persons to prevent them from causing injury to others, even where as a practical matter a defendant can exercise such control. *Id.* (citation omitted). However, New York law recognizes that there may be certain circumstances in which there is a level of authority and ability to control sufficient to give rise to such a duty. *See Purdy*, 72 N.Y.2d at 8, 526 N.E.2d at 7, 530 N.Y.S.2d at 516; *Kazanoff*, 945 F.2d at 36. Such relationships commonly exist between master and servant, parent and child, and common carriers and their passengers. *Kazanoff*, 945 F.2d at 36 (citations omitted). In the instant case, there was no relationship between Kennedy Medical and plaintiff. Therefore, the question becomes whether, by appearing and requesting treatment, Montanya created a special relationship between himself and Kennedy Medical such that Kennedy Medical had a sufficient ability to control Montanya's conduct, rendering it duty-bound to protect plaintiff, a member of the general public, from injury directly caused by Montanya.

■ As a private medical practice, Kennedy Medical had no obligation to provide Montanya with medical treatment even if he presented valid insurance. Generally, "[p]hysicians ... are not bound to serve all who seek their services." 84 N.Y.Jur.2d *Physicians* § 7 (1990); *cf., Ingber v. Kandler*, 128 A.D.2d 591, 513 N.Y.S.2d 11 (2d Dep't 1987) (holding that where doctor never had contact with patient, nor reviewed patient's records, no relationship existed so as to trigger a duty). Moreover, given the fact that there was no treatment prior to the accident in the case at bar, Montanya's appearance and rejection at Kennedy Medical, as a matter of law, did not afford Kennedy Medical the requisite level of control sufficient to give rise to a duty to third parties. *See Purdy*, 72 N.Y.2d at 9–10, 526 N.E.2d at 7–8, 530 N.Y.S.2d at 516–17 (finding no duty to general public even where there was some treatment by physician); *Rebollal v. Payne*, 145 A.D.2d 617, 536 N.Y.S.2d 147 (2d Dep't 1988) (finding no duty to the public at large where physician and facility actually treated driver); *Cartier v. Long Island College Hosp.*, 111 A.D.2d 894, 490 N.Y.S.2d 602 (2d Dep't 1985) (finding no duty to control driver's conduct where hospital had been treating driver for alcoholism). Accordingly, there having been no duty, Kennedy Medical cannot be held liable in negligence. *See e.g., Cartier*, 111 A.D.2d at 895, 490 N.Y.S.2d at 604 (noting that "[a]s defendants did not have a duty to control [driver's] conduct, there has been no breach, and without a

 

breach, there can be no liability ·to plaintiffs") (citation omitted).

■ The argument that Kennedy Medical committed negligence per se by virtue of a statutory violation is equally unavailing to the third-party plaintiffs. Although § 2805–b of the New York Public Health Law does mandate the admission of emergencies by "general hospitals," the President of Kennedy Medical asserts by affidavit that the office is a private medical practice which has never been licensed as, nor done business as, a general hospital. *See* Aff. of Anthony Parrinello, M.D. at 2; *see also* N.Y.Pub.Health Law § 2801(10) (McKinney 1985) (defining "general hospital"). The third-party plaintiffs present no evidence to the contrary.

In sum, the Court finds that third-party plaintiffs have failed to raise a genuine issue of material fact as to the issue of Kennedy Medical's potential liability. Fed. R.Civ.P. 56(c). Accordingly, Kennedy Medical's motion for summary judgment is granted.

All parties move for sanctions, pursuant to Rule 11 of the Federal Rules of Civil Procedure, based on the commencement of the third-party action against Kennedy Medical. Rule 11 provides that all papers must be signed by the attorney submitting them, and that the signature "constitutes a certificate by the signer that ... to the best of the signer's knowledge, information, and belief formed after reasonable inquiry [the motion or pleading] is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose...." Fed.R.Civ.P. 11; *Eastway Constr. Corp. v. City of New York*, 762 F.2d 243, 253–54 (2d Cir.1985), *cert. denied*, 484 U.S. 918, 108 S.Ct. 269, 98 L.Ed.2d 226 (1987); *Healey v. Chelsea Resources, Ltd.*, 947 F.2d 611, 622 (2d Cir. 1991). After considering the parties' arguments in light of the standard noted above, all motions for sanctions are denied.

CONCLUSION

For the reasons stated above, Kennedy Medical's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is granted; the third-party complaint is hereby dismissed. In addition, all motions for sanctions are denied.

SO ORDERED.