SHEPARD v REDFORD COMMUNITY HOSPITAL

Docket No. 82538. Submitted November 18, 1985, at Detroit. Decided
April 22, 1986. Leave to appeal applied for.

Karen Shepard, personal representative of the estate of Eric
Shepard, deceased, brought an action in the Wayne Circuit
Court against Redford Community Hospital alleging that negli-
gence of employees of the hospital in treating her was a
proximate cause of the death of her son, Eric. The court, John
H. Hausner, J., granted summary judgment for defendant,
holding that, since no physician-patient relationship existed
between an employee of the hospital and Eric, the hospital
owed him no duty. Plaintiff appealed. *Held:*

A hospital owes a duty of reasonable care to foreseeable
potential victims of its negligence. A member of a patient's
family is a foreseeable potential victim.

Reversed and remanded.

1. Negligence — Duty — Questions of Law.

The question of the existence of a duty is one of law for the court
to decide; a duty arises from the relationship of the parties and
the decision as to its existence involves a determination of
whether the defendant has any obligation to avoid negligent
conduct for the benefit of the plaintiff.

2. Negligence — Duty — Third Parties.

An individual generally owes no duty to protect another individ-
ual who is endangered by a third person, unless the first
individual has some special relationship with either the danger-
ous person or the potential victim.

3. Health — Negligence — Medical Malpractice — Duty —
Third Parties — Family of a Patient.

A hospital owes a duty of reasonable care to foreseeable potential

REFERENCES

Am Jur 2d, Hospitals and Asylums §§ 14-45.

Am Jur 2d, Negligence §§ 66 *et seq.*

Application of rule of strict liability in tort to person or entity
rendering medical services. 100 ALR3d 1205.

See also the annotations in the ALR3d/4th Quick Index under
Negligence.

victims of its negligence; a member of a patient's family is a foreseeable potential victim.

*Kelman, Loria, Downing, Schneider & Simpson* (by *Nicholas J. Rine* and *Joanne Barron*), for plaintiff.

*Kitch, Saurbier, Drutchas, Wagner & Kenney, P.C.* (by *Jeremiah J. Kenney* and *Susan Healy Zitterman*), for defendant.

Before: WAHLS, P.J., and R. B. BURNS and M. E. DODGE,* JJ.

PER CURIAM. Plaintiff commenced an action as personal representative of the estate of her son Eric. She alleged that her son's death was proximately caused by the negligence of employees of the defendant hospital. Defendant moved for summary judgment pursuant to GCR 1963, 117.2(1), on the basis that no physician-patient relationship existed between Eric and any employee of the hospital, therefore, defendant owed Eric no duty of care. The circuit court agreed that defendant owed no legal duty to plaintiff's decedent and, accordingly, dismissed plaintiff's complaint on January 7, 1985. Plaintiff appeals as of right. We reverse.

On April 4, 1981, plaintiff went to the defendant hospital for treatment of her complaints of high fever, leg pain, congestion, headaches and weakness. She was examined by an emergency room doctor and diagnosed as suffering from an upper respiratory problem. The doctor prescribed an antibiotic and instructed plaintiff to return if her fever did not subside.

Plaintiff returned home and entrusted care of five-year-old Eric to her parents because she felt

* Circuit judge, sitting on the Court of Appeals by assignment.

physically unable to care for him. However, she retained custody of her three-year-old daughter Christina. Over the next two days, plaintiff's fever subsided, but her condition otherwise worsened: she became nauseated, her neck was stiff and her headaches became more severe. She did not, however, return to the hospital for further evaluation.

On April 6, 1981, plaintiff's mother noticed that Eric was quiet, feverish, and nauseated. She called a hospital and was instructed to give him aspirin. The next morning, Eric's fever was down but he had a rash on his chest and face. His grandmother again called a hospital and was told that the rash was a typical response to a high fever. However, Eric became increasingly unresponsive, so his grandmother called a taxi and rushed him to Mt. Carmel Hospital. Eric died one-half hour later. The cause of death was determined to be spinal meningitis.

After Eric's cause of death was determined, plaintiff also was admitted to Mt. Carmel and was determined also to be suffering from the highly infectious condition. She was immediately isolated and her other family members were notified.

On September 14, 1981, plaintiff filed her complaint as personal representative of Eric's estate and also individually, along with her husband, Eric's father. She alleged that defendant, by and through its agents and employees, undertook to diagnose and treat her condition but was negligent and failed to exercise that degree of care and skill ordinarily exercised by similar hospital facilities by:

> a. failing to obtain from plaintiff an adequate history;
> b. failing to perform on plaintiff an adequate examination;

c. failing to conduct diagnostic testing reasonably required given plaintiff's symptoms;

d. failing to immediately hospitalize or otherwise commence proper treatment for plaintiff's highly infectious condition;

e. failing to notify plaintiff and her family of her condition and inform plaintiff and her family of the immediate, critical necessity of examination and testing of plaintiff and her family, given plaintiff's infectious condition.

On January 3, 1986, the circuit court dismissed plaintiff and her husband as plaintiffs in their individual capacities. This dismissal was without prejudice to any claims they might have under the state's wrongful death act. The complaint, with plaintiff remaining in her representative capacity, was thereafter dismissed for failure to state a claim.

The question in this case is whether defendant owed any duty to Eric. More specifically, we are asked to decide whether the absence of a physician-patient relationship between defendant and Eric precludes finding a duty. We hold that it does not.

Duty is an issue of law and for the court to decide. *Welke v Kuzilla,* 144 Mich App 245, 250; 375 NW2d 403 (1985), *Duval v Goldin,* 139 Mich App 342, 347; 362 NW2d 275 (1984), lv den 422 Mich 974 (1985). A duty arises from the relationship of the parties and the decision as to its existence involves a determination of whether the defendant has any obligation to avoid negligent conduct for the benefit of the plaintiff (or her decedent, as here). *Moning v Alfono,* 400 Mich 425; 254 NW2d 759 (1977). Generally, a party has no duty to protect another who is endangered by a third person absent a special relationship with either the dangerous person or the potential vic-

tim. *Welke, supra,* pp 250-251; *Duvall, supra,* p 351.

In the instant case, defendant had a physician-patient relationship with plaintiff. This was a special relationship with the one who allegedly infected Eric, leading to his death. Accordingly, a duty of reasonable care may arise.

Because defendant had a special relationship with plaintiff, we conclude that defendant owed a duty of reasonable care to Eric. As plaintiff's son and a member of her household, Eric was a foreseeable potential victim of defendant's conduct. *Duvall, supra.*

Defendant argues, however, that the law as discussed above, while applicable to negligence actions, should not apply to medical malpractice actions. Defendant contends that the instant case is in reality a medical malpractice case. Like the *Duvall* Court with the claim before it for review, we are not persuaded to characterize plaintiff's complaint as an action for medical malpractice. Even if the complaint did sound in malpractice, we would not exalt form over substance so as to deny plaintiff her day in court. *Welke, supra,* p 253.

Defendant further appeals to considerations of public policy in arguing that we should find no duty. Defendant raises legitimate concerns about confidentiality in the physician-patient relationship and the present medical malpractice crisis. These concerns have been brought to the attention of this Court previously in such cases as *Welke, Duvall,* and *Davis v Lhim,* 124 Mich App 291; 335 NW2d 481 (1983), remanded 422 Mich 875 (1985). We are satisfied that these concerns are not sufficient to nullify the duty imposed on defendant on the facts of this case.

Reversed and remanded.