OPINION OF THE COURT
Melvyn Tanenbaum, J.
This motion by defendant County of Suffolk for summary judgment pursuant to CPLR 3212 is granted.
In this wrongful death action the facts as viewed in the light most favorable to plaintiff establish that on January 2, *847 1983 the deceased plaintiff was fatally injured in a collision between her automobile and one operated by defendant Payne and owned by defendant Oxford. At the time of the accident, Payne had been returning from defendant County of Suffolk’s voluntary drug rehabilitation outpatient clinic where he had been administered a quantity of a narcotic analgesic known as methadone in connection with his addiction treatment. Depending on various factors such as dosage and tolerance, this substance has the potential to diminish its user’s physical ability to operate an automobile.
In order to establish tort liability, plaintiffs must demonstrate the existence and breach of a duty owed to them by defendant (Pulka v Edelman, 40 NY2d 781 [1976]; Palsgraf v Long Is. R. R. Co., 248 NY 339 [1928]; Prosser, Torts §§ 30, 53 [4th ed]) and that defendant’s acts or omissions which constituted such breach were the proximate or legal cause of plaintiff’s injuries (Sheehan v City of New York, 40 NY2d 496 [1976]; Prosser, Torts §§ 41-42 [4th ed]). With respect to this first requirement, in the absence of a special relationship between a municipality and a person injured, the law imposes no duty and the municipality cannot be held liable for negligent failure to perform governmental activities (Schrempf v State of New York, 66 NY2d 289 [1985]; De Long v County of Erie, 60 NY2d 296 [1983]; Garrett v Town of Greece, 55 NY2d 774 [1981]).
Plaintiff contends that this liability creating special relationship arises out of the county’s assumption of treatment of defendant Payne’s drug addiction problem in administering a potentially debilitating substance without regard to what arrangements, if any, he may have made for transportation from the clinic afterwards. In essence, plaintiff asserts that under these circumstances the county had a duty to control Payne in order to prevent harm to plaintiff.
While the court does not agree that a duty is imposed upon a municipality to exercise physical control over a voluntary outpatient in order to prevent harm to third parties, a duty for which plaintiff cites no statutory or common-law precedent (see, Pulka v Edelman, supra; Cowin v Huntington Hosp., 130 Misc 2d 267 [Sup Ct, Suffolk County 1985]; Santangelo v State of New York, 103 Misc 2d 578 [Ct Cl 1980]; Restatement [Second] of Torts § 319; cf., General Obligations Law § 11-101) it need not determine the summary judgment issue on this *848 ground.* Even if, arguendo, such an actionable duty did exist, plaintiff has nevertheless failed to establish that defendant’s acts or omissions were the proximate cause of the injuries complained of.
Proximate cause is established when plaintiff demonstrated that defendant’s negligence was "a substantial factor in bringing the injury about” (Galioto v Lakeside Hosp., 123 AD2d 421, 422 [2d Dept 1986]). While the term also embodies the concept of duty in limiting the parameters to which particular acts or omissions will be considered by law to be causative of the injuries (Prosser, Torts §§ 41-42 [4th ed]), in the instant matter the issue presented as to this element only concerns plaintiff’s failure in his papers to demonstrate the existence of any factual substantive issue of causation.
The movant submitted the testimony of defendant Payne that he had taken no "drugs or medicines” other than methadone within the 24 hours preceding the accident and that he had no difficulty in operating his vehicle. In addition the investigating police detective who interviewed Payne at the hospital one hour after the accident observed no symptoms of drug intoxication.
A party opposing an application for summary judgment is required to assemble and lay bare sufficient proof in admissible form to demonstrate the existence of a bona fide issue of act requiring a trial (CPLR 3212; Smith v Johnson Prods. Co., 95 AD2d 675 [1st Dept 1983]). Plaintiff submits no affidavits controverting these statements but instead proffers on the issue of causation (1) the police laboratory report indicating the presence of methadone and another drug, propyoxyphene in defendant Payne’s urine and (2) a letter dated February 12, 1986 from an assistant professor of clinical pharmacy describing generally the possible effects of methadone and propyoxphene ingestion. Neither document possesses probative value. With respect to the first, while presumably the report dated February 7, 1983, refers to a sample taken from defendant *849 Payne on the date in question despite its submission date of January 7, 1983, there is no showing as to the amounts of the substances present. With respect to the second, even if such information is considered to have been submitted in admissible form (but see, CPLR 2106) this "expert’s” report is not predicated upon any specific facts established in this case and even concludes, favorably to movant, that: "individuals stabilized on methadone maintenance are in most cases clinically indistinguishable from normal individuals. They can lead relatively normal lives including drive [sic] a car”. As to the additional presence of another drug propyoxphene, the report states that it is indeed possible that a combination of this substance and methadone could have side effects which might impair the ability of an individual to drive. However, it is clear that the nature, if any, of the side effect is dependent on the dosage, tolerance (which is increased by the use of methadone) and time sequence in which it was taken. In essence, viewing this report most favorably to plaintiff, while the use of either methadone alone or in conjunction with propyoxphene has the potential to effect an individual’s capacity to operate an automobile, such instances are in large measure a function of the overuse of these drugs. In the absence of any proof that defendant Payne in fact had so consumed an improper dosage or independent observations as to Payne’s condition close in time to the accident (see, People v Calcasola, 80 Misc 2d 429 [App Term, 2d Dept 1975]), there is no basis other than conjecture or surmise to factually sustain a claim against defendant County of Suffolk (Halsey v Ford Motor Co., 24 AD2d 826, affd 19 NY2d 664 [1967]; Shapiro v Health Ins. Plan, 7 NY2d 56 [1959]).
The court notes that while summary judgment is a drastic remedy rarely utilized in negligence actions (see, Andre v Pomeroy, 35 NY2d 361 [1974]; Lynch v Aer Lingus/Irish Intl. Airlines, 81 AD2d 508 [1st Dept 1981]) the length of time which this action has been pending, over three years at the time of submission, renders such disposition appropriate. The proof necessary to oppose this application, if it exists, has been available for almost that entire period and there has been no showing that any other proof which might be adduced at trial could not be offered at this time.
Accordingly, the second cause of action alleging a claim against the County of Suffolk is dismissed.

 Plaintiff’s reliance on Garrett v Holiday Inns (58 NY2d 253 [1983]) as a predicate for establishing such liability is misplaced. In circumstances where despite the court having found no actionable duty running from the municipality to third-party motel guests for the farmer’s negligence in certifying the motel premises as fit for occupancy (Garrett v Town of Greece, 78 AD2d 773, affd 55 NY2d 774 [1981]), it held only that the municipality could still be liable to the motel owners and operators, to whom it had a direct duty, for contribution in the event plaintiffs/guests were successful in obtaining a judgment against them.