■ AMADEO REBOLLAL, Individually and as Administrator of the Estate of MAUREEN REBOLLAL, Deceased, Appellant, v HARRY B. PAYNE et al., Defendants, and COUNTY OF SUFFOLK, Respondent.—In a negligence action to recover damages for personal injuries and wrongful death, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated January 30, 1987, which granted the defendant County of Suffolk's motion for summary judgment dismissing the complaint as against it.

Ordered that the order is affirmed, with costs.

The plaintiff's decedent was killed in an automobile accident when the car she was driving was struck by one driven by the defendant Payne and owned by the defendant Oxford. Payne was driving home after having received a dosage of methadone at a county-operated, out-patient treatment center. The plaintiff asserts that the county had a duty to warn Payne that he should not operate an automobile after ingesting methadone and that the county is liable to third persons who are injured by outpatients, such as Payne, as a result of the operation of a car by an outpatient while under the influence of methadone.

A physician and a health-related facility owe a duty of care to their patients and to persons they knew or reasonably should have known were relying on them for this service to the patient. However, the physician or health-related facility does not undertake a duty to the public at large, of which the plaintiff's decedent was a member *(see, Purdy v Public Adm'r.*

*of County of Westchester,* 72 NY2d 1, 9, *rearg denied* 72 NY2d 953; *Eiseman v State of New York,* 70 NY2d 175, 188). The same rule of law is applicable to the county, which operated the methadone clinic at issue in this case *(see, Cartier v Long Is. Coll. Hosp.,* 111 AD2d 894). There is no duty on the part of the operator of a methadone clinic to control the travel activities of a methadone patient giving rise to liability for accidents to a third party such as plaintiff's decedent. Where there is no duty, there can be no breach and without a breach, there can be no liability to the plaintiff. Accordingly, summary judgment dismissing the complaint as against the county was properly granted. Thompson, J. P., Rubin, Spatt and Balletta, JJ., concur. *[See,* 135 Misc 2d 846.]