Frank Sorgente, Plaintiff, v Richmond Memorial Hospital et al., Defendants.

Supreme Court, Richmond County, March 8, 1989

### APPEARANCES OF COUNSEL

*Martin, Clearwater & Bell* for Richmond Memorial Hospital and others, defendants. *Sutera, Siracuse & Sutera* for Frank Marcone, defendant. *Peter E. DeBlasio, P. C.,* for plaintiff.

### OPINION OF THE COURT

Edward J. Amann, Jr., J.

In the present motion,[1] the attorneys for the defendants

---

1. There are presently before the court a motion and cross motion each of which seeks the same relief on behalf of different defendants. The court for the purposes of this memorandum decision will treat both as a single motion on behalf of all the defendants.

seek an order pursuant to CPLR 3212, granting summary judgment and dismissal of the plaintiff's complaint. The motion is based upon the defendants' contention that a cause of action does not exist in favor of the plaintiff against them. The defendants argue that no issue of fact exists and that as a matter of law the complaint must be dismissed.

The complaint herein alleges that the defendants negligently failed to diagnose tuberculosis in plaintiff's father resulting in the plaintiff contracting the disease. The plaintiff seeks damages for physical injury and emotional distress, which he allegedly suffered.

In seeking to have the complaint dismissed, the defendants have relied on a twofold argument:

(1) that an action sounding in negligence does not lie, because both statute and case law have not imposed a legal duty upon a physician absent a physician-patient relationship;

(2) that an action sounding in medical malpractice does not lie, because an action for medical malpractice can only exist where there is a physician-patient relationship and no physician-patient relationship exists between the plaintiff and the defendants.

In opposing the instant motion, the attorney for the plaintiff argues that there is a statutory, as well as a common-law duty owed to the plaintiff herein.

The facts giving rise to the claim of the plaintiff are somewhat sketchy, however, a review of the papers submitted both on behalf of and in opposition to the motion reveals that the plaintiff's father was treated by the defendants[2] in May through June of 1985. Thereafter in September of 1985, the plaintiff's father was diagnosed as having had tuberculosis. During the same month the plaintiff was diagnosed as having tuberculosis and received treatment as an outpatient.

In arguing that a statutory duty existed the plaintiff relies on section 2222 of the Public Health Law and section 2.27 of title 10 of the New York Codes, Rules and Regulations (the State Sanitary Code). The aforementioned sections provide as follows:

(1) Public Health Law § 2222

---

**2.** A review of the records annexed to the cross motion of Dr. Marcone indicates that he may have treated the plaintiff's father during the period 1980 through 1983 and accordingly, plaintiff's cause of action may not be viable as against him on other grounds, which have not been considered by the court.

"Tuberculosis; protection of patient's family; duty of physicians and health officers

"1. It shall be the duty of a physician attending a patient having tuberculosis to take all proper precautions and to give proper instructions to provide for the safety of all individuals occupying the same house or apartment".

(2) 10 NYCRR 2.27

"Physician to isolate person with highly communicable disease and give instructions regarding prevention of spread of the disease. It shall be the duty of the attending physician immediately *upon discovering* a case of highly communicable disease (as defined in section 2.1 of this Part) to cause the patient to be isolated, pending official action by the health officer. Such physician shall also advise other members of the household regarding precautions to be taken to prevent further spread of the disease and shall inform them as to appropriate specific preventive measures." (Emphasis added.)

A cursory reading of the above regulation reveals that a duty arises only upon discovery of tuberculosis. In the case at bar the disease in question was not discovered and accordingly no statutory duty arose.

Turning to the plaintiff's next contention, namely, that a common-law duty exists, the plaintiff relies on a series of out-of-State cases to support his proposition that a legal duty was owed to the plaintiff by his father's doctors. The rule of law set forth in these cases has not been adopted in New York State. He also cites a number of New York cases which are distinguishable from the case at bar. Many of these cases involve a fact pattern in which the physician knew of the communicable disease, but failed to inform the necessary parties. *(See, Wojcik v Aluminum Co.,* 18 Misc 2d 740.) The other cases cited by the plaintiff are factually distinguishable, but do discuss the issue of when such a duty will be imposed. They point out that the general rule in New York fails to impose a duty upon a person to control the conduct of a third person in order to prevent an injury to others, except in a limited number of cases *(Purdy v Public Adm'r of County of Westchester,* 72 NY2d 1, 8). A review of the facts in our case reveals that they do not lend themselves to the application of one of the recognized exceptions.

On the contrary, in the case of *Pulka v Edelman* (40 NY2d 781), cited by plaintiff, the court noted that the failure of the Legislature to impose a duty to control the conduct of a third

person supported its finding that no such a duty existed. So too in our case the Legislature could have required doctors to advise relatives of patients that a disease was suspected, however they chose not to do so. *(See, Pulka v Edelman,* 40 NY2d 781, 785.)

Similarly, *Pulka (supra)* pointed out that the principle of foreseeability, as denominated as the "zone of risk" in *Palsgraf v Long Is. R. R. Co.* (248 NY 339), should not be confused with the concept of duty. The "zone of risk" does not establish a duty, as argued by the plaintiff, but only circumscribes the boundaries of a duty after it has been established that one exists. *(Pulka v Edelman,* 40 NY2d 781, 785, *supra.)*

Accordingly, the court finds that neither a statutory nor common-law duty existed as to the plaintiff herein. Therefore, the court grants the defendants' motion to dismiss the complaint herein.[3]

---

**3.** The court will note in passing that although the plaintiff treated the case as one solely arising out of negligence, it is a hybrid malpractice case, which would require among other things an affidavit stating that the disease was contracted during the four-month period of exposure and not before.