■ James W. Conboy, as Guardian ad Litem of David Dillenbeck et al., Infants, Respondent, v Jeffrey S. Mogeloff, Appellant.—Crew III, J. Appeal from an order of the Supreme Court (Best, J.), entered June 1, 1990 in Montgomery County, which denied defendant's motion for summary judgment dismissing the complaint.

On September 1, 1983 Ruth Dillenbeck, the mother of David, Russell and George Dillenbeck (hereinafter collectively referred to as the children), consulted with defendant because of persistent headaches and occasional episodes of unconsciousness. Defendant diagnosed Dillenbeck's condition as migraine and prescribed Fiorinal. In response to her inquiry, defendant advised Dillenbeck that she could drive a car. On September 6, 1983 at about 9:30 A.M. Dillenbeck experienced a headache and took a Fiorinal tablet. At about 10:30 A.M. Dillenbeck was operating her car, in which the children were passengers, when she lost consciousness and collided with a bridge abutment. As a result of injuries sustained in the accident, plaintiff commenced this action on behalf of the children against defendant seeking money damages for his negligence and malpractice in treating Dillenbeck. Specifically, plaintiff alleged that defendant was negligent in that, contrary to his advice that Dillenbeck could drive a car, he should have directed her not to drive knowing that Fiorinal had a sedative effect. After issue was joined, defendant moved for summary judgment dismissing the complaint on the ground that the complaint failed to state a cause of action. Supreme Court denied the motion and this appeal ensued.

Defendant claims that he owed no legal duty to the children, which is essential to a recovery in negligence *(Palsgraf v Long Is. R. R. Co.,* 248 NY 339, 344). As a general rule, a defendant has no legal duty to control the conduct of third persons so as to prevent them from harming others *(see, Pulka v Edelman,* 40 NY2d 781, 783). However, certain relationships may give rise to such a duty, but then only when the defendant has the ability and authority to control the third persons' conduct *(see, Purdy v Public Adm'r of County of Westchester,* 72 NY2d 1, 8). The threshold inquiry here, therefore, is whether defendant had sufficient ability and authority to control the conduct of Dillenbeck so as to give rise to a duty on his part to protect the children. We hold that he did not. Dillenbeck consulted with defendant for headaches. The services rendered by defendant were examination, diagnosis, prescription and advice. Dillenbeck was free to accept or reject defendant's diagnosis and advice and she was at liberty to seek a second opinion. In short, she had the right to decide what treatment and advice she would accept or reject *(cf., Fogal v Genesee Hosp.,* 41 AD2d 468, 473). Contrary to plaintiff's contentions, advice does not equate to control.

Plaintiff contends, however, that a legal duty does exist by reason of the fact that defendant knew or had reason to know that the children were relying on him to give appropriate advice to their mother. In support of that position plaintiff cites *Eiseman v State of New York* (70 NY2d 175). While the Court of Appeals in *Eiseman* discussed the concept of a physician's duty to persons other than the patient, it should be noted that the discussion was obiter dictum. Accepting the case as indicative of what the court may determine in futuro, we observe that the court, in suggesting the potential for a legal duty owing from a physician to a third party, stated that "we have further required actual privity, or something approaching privity, such as conduct on the part of defendant linking defendant to plaintiff which evinces defendant's understanding of plaintiff's reliance" *(supra,* at 188). In this case, there are no allegations in the complaint or the bill of particulars of the children's reliance on defendant's conduct or of knowledge by defendant of any such reliance. In view of the fact that defendant's motion was for summary judgment dismissing the complaint for failure to state a cause of action, and in view of plaintiff's failure to allege reliance and knowledge thereof, the motion should have been granted.

Order reversed, on the law, without costs, motion granted, summary judgment awarded to defendant and complaint dis-

missed. Mahoney, P. J., Mikoll, Yesawich, Jr., Crew III and Harvey, JJ., concur.