■ Dominick Tenuto et al., Appellants, v Lederle Laboratories, Division of American Cyanamid Company, Defendant, and Leroy L. Schwartz, Respondent. [616 NYS2d 391] —In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Richmond County (Amann, J.), dated December 22, 1992, which granted the defendant Schwartz's motion for summary judgment dismissing the complaint insofar as it is asserted against him.

Ordered that the order is affirmed, with costs.

This is an action to recover damages for personal injuries allegedly sustained by the plaintiffs, when exposed to a "live polio virus * * * contained in the excrement of their infant daughter" as a result of defendant, Dr. Schwartz's failure to inform the plaintiffs that they might contract paralytic poliomyelitis through contact with their daughter's excrement.

It is undisputed that on January 9, May 7, and July 3, 1979, Dr. Schwartz administered an oral polio vaccine, Orimune (hereinafter OPV), to the plaintiffs' infant daughter, Diana Tenuto.

After the second administration of the OPV, on or about May 20, 1979, the plaintiff-father underwent a non-emergency operative procedure, i.e., an anal fistula, after which he continued his usual contact with his daughter and allegedly, within three weeks after the second administration of the vaccine, contracted paralytic poliomyelitis. The action by Elizabeth Tenuto is a derivative one for loss of services.

Dr. Schwartz moved for summary judgment on the ground that the plaintiffs failed to state a cause of action cognizable under the laws of the State of New York.

The duty of the physician or "person providing * * * treatment" to obtain an informed consent is expressly provided by the Legislature through Public Health Law § 2805-d (1) as follows: "Lack of informed consent means the failure of the person providing professional treatment or diagnosis to disclose to the patient such alternatives thereto and the reasonably foreseeable risks and benefits involved as a reasonable medical * * * practitioner under similar circumstances would have disclosed, in a manner permitting the patient to make a knowledgeable evaluation".

The clear and unambiguous wording of the statute evinces an intent by the Legislature to include only "patients" within its scope.

Contrary to the plaintiffs' contention, the courts have not extended protection under Public Health Law § 2805-d to non-patient third parties. Such protection has only been extended to recognize a fetus in utero subject to treatment under the unique circumstances imposed by pregnancy (see, *Hughson v St. Francis Hosp.*, 92 AD2d 131 [an infant in utero came within the persons afforded protection under the statute]; *Shack v Holland*, 89 Misc 2d 78 [a risk of harm to a woman, includes also a risk of harm to her unborn child]).

Cases similar to the one at issue have been decided subject to strict liability, negligence, or breach of warranty principles (see, *Reis v Pfizer, Inc.*, 48 NY2d 664; *Givens v Lederle*, 556 F2d 1341; *Wojcik v Aluminum Co.*, 18 Misc 2d 740).

This is not a case of medical malpractice based upon a lack of informed consent. Based upon the aforementioned cases, a cause of action arising out of the facts of this case, at best, may represent a claim in strict products liability or negligence on the part of the manufacturer of the vaccine.

Additionally, the plaintiffs' contention that the physician-defendant breached his duty to obtain the informed consent of his patient's parents presupposes an existing duty under the applicable law. Here, the issue is not whether the doctor failed to carry out his duty, but rather if he owed a duty to these particular plaintiffs. Here he did not.

Where a statute is clear and unambiguous on its face, and is in derogation of the common law, it must be strictly construed (see, *Matter of Teachers Ins. & Annuity Assn. v City of New York*, 82 NY2d 35; *Matter of Dreger v New York State Thruway Auth.*, 81 NY2d 721). Moreover, if a new standard for informed consent is to be imposed, it is for the Legislature, rather than the courts, to decide. If the Legislature had intended to enlarge the scope of persons to be protected or the corresponding liabilities, it would have done so.

We have reviewed the appellants' remaining contentions and find them to be without merit. Mangano, P. J., Bracken, Joy and Hart, JJ., concur.