■ DOMINICK TENUTO et al., Plaintiffs, v LEDERLE LABORATORIES, Respondent, and LEROY L. SCHWARTZ, Appellant. [650 NYS2d 770] —In an action to recover damages for personal

injuries, etc., the defendant Leroy L. Schwartz appeals from an order of the Supreme Court, Richmond County (Amann, J.), dated June 28, 1995, which denied his motion for summary judgment dismissing the cross claim of the defendant Lederle Laboratories. Justice Joy has been substituted for the late Justice Hart (see, 22 NYCRR 670.1 [c]).

Ordered that the order is reversed, on the law, with one bill of costs payable to the defendant Leroy L. Schwartz, the motion is granted, and the cross claim is dismissed.

This is an action to recover damages for personal injuries allegedly sustained by the plaintiff-parents, when exposed to a " 'live polio virus * * * contained in the excrement of their infant daughter' " (Tenuto v Lederle Labs., 207 AD2d 541). It is undisputed that the defendant Dr. Leroy L. Schwartz administered an oral, live-virus, polio vaccine, Orimune, which was manufactured by the defendant Lederle Laboratories, to the plaintiffs' infant daughter. The plaintiff-father contracted paralytic poliomyelitis within three weeks after the second administration of the vaccine. The action by the plaintiff-mother is a derivative one for loss of services. The plaintiffs alleged that they were injured as a result, inter alia, of the defendant physician's failure to inform the plaintiffs that they might contract paralytic poliomyelitis through contact with their daughter's excrement, and the defendant manufacturer's failure to provide adequate package warnings.

This matter was previously before this Court on the plaintiffs' appeal from an order granting the motion of the defendant Dr. Schwartz for summary judgment dismissing the complaint insofar as it was asserted against him on the theory that he owed no duty to the plaintiffs. This Court, in affirming the order dismissing the plaintiffs' complaint insofar as asserted against Dr. Schwartz, held that he did not owe a duty to these particular plaintiffs (see, Tenuto v Lederle Labs., supra). Thereafter, Dr. Schwartz moved for summary judgment dismissing the cross claim of the defendant manufacturer Lederle Laboratories (hereinafter Lederle) for indemnity and contribution on the ground that it failed to state a cause of action. The Supreme Court denied the defendant Schwartz's motion and we now reverse.

The "learned intermediary" doctrine provides that a manufacturer's duty is to warn the physician of risks posed by its products. The physician, in turn, has a duty "to balance the risks against the benefits of various drugs and treatments and to prescribe them and supervise their effects" (Martin v Hacker, 83 NY2d 1, 9). Contrary to the defendant Lederle's contention,

the "learned intermediary" doctrine did not impose a duty on the physician to inform these plaintiffs, who were not his patients, of the warnings contained in the package insert provided by Lederle *(see, Wolfgruber v Upjohn,* 72 AD2d 59, *affd* 52 NY2d 768; *Eiser v Feldman,* 123 AD2d 583). Accordingly, Lederle's cross claim against the defendant Schwartz is without merit as a matter of law.

Insofar as the plaintiffs argue that the motion was properly denied inasmuch as they are entitled to maintain a common-law negligence claim against the defendant Dr. Schwartz, we note that the issue of whether the defendant Schwartz owed a duty to the plaintiffs was determined on the previous appeal. Accordingly, reconsideration of the merits of that issue on this appeal is precluded pursuant to the doctrine of law of the case *(see, Stokes v County of Suffolk,* 63 AD2d 645).

We have reviewed the parties' remaining contentions and find them to be without merit. Mangano, P. J., Rosenblatt, Sullivan and Joy, JJ., concur.