(April 8, 1997)

■ FRANK MORETA, Also Known as FRANK PICHARDO, an Infant, by His Mother and Natural Guardian, JANET MORETA, Also Known as JANET PICHARDO, Respondent, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION et al., Appellants. [655 NYS2d 517] —Order, Supreme Court, New York County (Karla Moskowitz, J.), entered February 8, 1996, which, insofar as appealed from as limited by defendants' brief, denied defendants' motion for summary judgment dismissing so much of the complaint as is based on allegations that the infant plaintiff contracted tuberculosis meningitis from his mother after his birth as a result of defendants' discontinuance of the mother's tuberculosis medication while she was pregnant with him, unanimously affirmed, without costs.

Since defendants owed a duty of care to the infant plaintiff at the time of the alleged act of malpractice (see, LaBello v Albany Med. Ctr. Hosp., 85 NY2d 701, 704)—discontinuance of the mother's medication for tuberculosis while pregnant with plaintiff—and given the expert testimony that infants exposed to parents with tuberculosis during the first year of life face a 50% chance of contracting the disease, the motion court correctly rejected defendants' argument that they never owed a duty to plaintiff, but only his mother, and that if they did ever owe a duty to plaintiff, it existed only while he was in utero, not after he was born healthy and later contracted the disease while not in their care. Although we do not pass upon the issue of proximate cause, plaintiff alleges that at the time defendants discontinued the mother's medication, based in part on their assessment that the medication was no longer necessary, it was foreseeable that if this were wrong, the infant plaintiff would contract tuberculosis from his mother not long after birth. Ellis v Peter (211 AD2d 353, lv dismissed 86 NY2d 885), relied on by defendants, is distinguishable on several grounds. First, there was no doctor-patient relationship between the plaintiff and the doctor who had failed to diagnose her spouse's tuberculosis; here, the doctors owed a duty of care to plaintiff in utero at the time of their alleged malpractice. Second, in Ellis, because the doctor did not know of the patient's tuberculosis, there could be no violation of the duty to warn the patient's spouse under Public Health Law § 2222; here, the claim is that the doctor failed to treat active tuberculosis. Third, the policy concern in Ellis that the liability asserted would, if recognized, " 'create an almost infinite universe of potential plaintiffs' " (supra, at 356), does not exist here, the universe of plaintiffs—infants in utero whose

mothers are being treated for communicable diseases—being self-limited. We note that defendants do not address plaintiff's theories of liability based on lack of informed consent (*cf.*, *Hughson v St. Francis Hosp.*, 92 AD2d 131), and malpractice in their treatment of him after he had contracted the disease. Concur—Murphy, P. J., Sullivan, Milonas and Mazzarelli, JJ.