715 A.2d 363

DONNA SAFER AND ROBERT SAFER, PLAINTIFFS–APPEL-
LANTS, v. ESTATE OF GEORGE T. PACK, HELEN W. PACK,
GEORGE T. PACK, JR., CHRISTOPHER CHARLES PACK, MAL-
COLM JONATHAN PACK, TACY DOROTHEA PACK, AND CLY-
TIE HELEN PACK, DEFENDANTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued March 4, 1998—Decided September 1, 1998.

Before Judges KING, KESTIN and CUFF.

*Jeffrey A. Donner*, argued the cause for appellants (*Shain, Schaffer & Rafanello*, attorneys; *Mr. Donner*, of counsel and, with *Gary L. Maher*, on the brief).

*Peter L. Korn*, argued the cause for respondents (*McDonough, Korn, Eichhorn & Boyle*, attorneys; *Mr. Korn*, of counsel; *Ann-Marie West*, on the brief).

The opinion of the court was delivered by

KESTIN, J.A.D.

In a prior opinion, *Safer v. Estate of Pack* (I), 291 *N.J.Super.* 619, 677 *A.*2d 1188 (App.Div.), *certif. denied*, 146 *N.J.* 568, 683 *A.*2d 1163 (1996), we reversed the trial court's dismissal of the complaint, holding that plaintiffs had pleaded a viable cause of action and had made an adequate *prima facie* showing to survive defendants' motion for summary judgment. In remanding, we observed that a choice of law question might exist. That issue was subsequently raised in the trial court which determined that "this action is ... governed by New York substantive law; and ... is time-barred by the New York statute of limitations." The trial court accordingly ordered the matter dismissed with prejudice. Plaintiff appeals. We reverse and remand for further proceedings.

The factual background of the matter was set out in detail in our prior opinion and we will not rehearse it here. The only question before us in this appeal is whether New Jersey's flexible governmental interest analysis approach to choice of law questions requires the application of New York law which, because it lacks a discovery rule applying to cases of this type, would bar the action under its statute of limitations; or New Jersey law which, by application of our discovery rule, *see Lopez v. Swyer*, 62 *N.J.* 267,

300 *A.*2d 563 (1973), tolls the running of our statute of limitations. The choice of law analysis bears as well on differences in the substantive law that will govern, for as far as we are able to determine, New York does not apply as broad a rule of physician duty to non-patient family members as New Jersey does. *Compare* our analysis of New Jersey law in *Safer v. Estate of Pack* (I), *supra,* 291 *N.J.Super.* at 625–27, 677 *A.*2d 1188, with, *e.g., Ellis v. Peter,* 211 *A.D.*2d 353, 627 *N.Y.S.*2d 707 (App.Div.), *appeal dismissed,* 86 *N.Y.*2d 885, 635 *N.Y.S.*2d 950, 659 *N.E.*2d 773 (1995); *Conboy v. Mogeloff,* 172 *A.D.*2d 912, 567 *N.Y.S.*2d 960 (App.Div.), *appeal denied,* 78 *N.Y.*2d 862, 576 *N.Y.S.*2d 220, 582 *N.E.*2d 603 (1991); *Sorgente v. Richmond Memorial Hosp.,* 142 *Misc.*2d 870, 539 *N.Y.S.*2d 269 (Sup.Ct.1989).

Twenty years ago, in *Schum v. Bailey,* 578 *F.*2d 493 (3d Cir.1978), the United States Court of Appeals, in a diversity case with similar jurisdictional facts, accorded due regard to New Jersey's "interest-based approach" to choice of law questions, *id.* at 495, adopted in *Heavner v. Uniroyal, Inc.,* 63 *N.J.* 130, 305 *A.*2d 412 (1973), influenced by principles enunciated in *Restatement (Second) of Conflict of Laws* §§ 145, 146 (1971) and other authorities, and held that New Jersey law applied. In *Schum,* as here, all the medical services that were rendered were performed in New York by a physician who practiced there. As here, the physician was also licensed to practice in New Jersey and had hospital privileges in this State. One point of difference: although the plaintiff in *Schum* was a domiciliary of New Jersey at the time the alleged tort was committed and when the action was commenced, the defendant was a resident of New York; here, both plaintiff Donna Safer and defendant George Pack were residents of New Jersey when the alleged genetic tort was committed, and the action was commenced—albeit years later—against Dr. Pack's domestic estate. *See Pfau v. Trent Aluminum Co.,* 55 *N.J.* 511, 524–25, 263 *A.*2d 129 (1970); *Mueller v. Parke Davis,* 252 *N.J.Super.* 347, 599 *A.*2d 950 (App.Div.1991). Another point of difference may be found in the nature of the alleged torts in *Schum* and in this case, *i.e.,* the difference between a medical malpractice case

addressing medical services rendered elsewhere and one which implicates failure to warn/increased risk of harm considerations to a non-patient which may be seen to be a breach of duty in the jurisdiction in which the plaintiff resided at the time.

We adopt and apply the *Schum* analysis and result as applicable to this case because we view the Third Circuit's application of New Jersey's then relatively new flexible governmental interest analysis approach to have been correct at the time, and because there have been no essential modifications of that method in the intervening years, except for decisional growth. *See, e.g., Gantes v. Kason Corp.,* 145 *N.J.* 478, 485–94, 679 *A.*2d 106 (1996); *reversing* 276 *N.J.Super.* 586, 648 *A.*2d 517 (App.Div.1994); *Veazey v. Doremus,* 103 *N.J.* 244, 248, 510 *A.*2d 1187 (1986); *Grossman v. Club Med Sales, Inc.,* 273 *N.J.Super.* 42, 48–49, 640 *A.*2d 1194 (App.Div. 1994). *See also Polarome Mfg. Co., Inc. v. Commerce & Ind. Ins. Co.,* 310 *N.J.Super.* 168, 172–73, 708 *A.*2d 450 (App.Div.), *certif. denied,* 155 *N.J.* 590, 715 *A.*2d 993 (1998), as a recent illustration of the application of flexible governmental interest analysis to choice of law questions in contract actions.

Given the similarities between this case and *Schum,* as well as the differences which can only be seen to add weight to plaintiffs' side of the governmental interest analysis balance, we hold that New Jersey law governs. Insofar as the discovery rule can be seen to apply based upon the record developed to date, no statute of limitations bar appears presently to preclude plaintiffs' claims.

The trial court's order of March 21, 1997, dismissing the complaint with prejudice is reversed and the matter is remanded for further proceedings.