■ DARYL R. COOLBAUGH, Respondent, v INTERNATIONAL BUSINESS MACHINES CORPORATION et al., Defendants, and WASHINGTON GROUP INTERNATIONAL, INC., Appellant. [983 NYS2d 808]—

In an action to recover damages for personal injuries, the defendant Washington Group International, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Tolbert, J.), entered October 2, 2012, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendant Washington Group International, Inc., for summary judgment dismissing the complaint insofar as asserted against it is granted.

The plaintiff, a commercial truck driver, routinely drove a tractor trailer carrying corrugated cardboard products from the facility of the defendant Temple-Inland, Inc. (hereinafter Temple-Inland), to a warehouse facility in Mechanicsburg, Pennsylvania, operated by the defendant Washington Group International, Inc. (hereinafter WGI). On the date of the subject accident, the plaintiff picked up a trailer that had been packed by Temple-Inland employees and drove it to WGI's facility in Mechanicsburg. Upon arriving, the plaintiff, per his usual practice, stopped the trailer several feet short of the loading dock and exited the vehicle to open the trailer doors. In the process of opening the doors, the plaintiff allegedly was injured when a pallet fell from the top row inside the trailer and onto his head.

WGI moved for summary judgment dismissing the complaint insofar as asserted against it, contending that it owed no duty to the plaintiff, who was not a WGI employee. The Supreme Court denied the motion, finding disputed issues of fact regarding whether, prior to the plaintiff's accident, WGI employees had registered complaints with WGI after observing improperly loaded cargo arrive from Temple-Inland.

Before a defendant may be held liable for negligence, it must be shown that the defendant breached a duty of reasonable care owed to the plaintiff (*see Purdy v Public Adm'r of County of Westchester*, 72 NY2d 1, 8 [1988]; *Ellis v Peter*, 211 AD2d 353 [1995]). In the absence of duty there can be no breach, and without a breach, there is no liability (*see Purdy v Public Adm'r of County of Westchester*, 72 NY2d at 8). It is for the courts to determine whether any duty exists, taking into consideration the reasonable expectations of the parties and society generally (*see Tagle v Jakob*, 97 NY2d 165, 168 [2001]; *see also Purdy v Public Adm'r of County of Westchester*, 72 NY2d at 8). Foreseeability of an injury does not determine the existence of a duty (*see Strauss v Belle Realty Co.*, 65 NY2d 399, 402 [1985]; *Pulka v Edelman*, 40 NY2d 781 [1976]; *Miglino v Bally Total Fitness of Greater N.Y., Inc.*, 92 AD3d 148, 159 [2011], *affd* 20 NY3d 342 [2013]).

Here, WGI established its prima facie entitlement to summary judgment by showing that it owed no duty to the plaintiff. In opposition, the plaintiff failed to raise a triable issue of fact as to whether WGI owed a duty to protect him. The fact that WGI may have had prior notice of problems with the way cargo was loaded by Temple-Inland did not give rise to a duty to protect the plaintiff (*see Martino v Stolzman*, 18 NY3d 905, 908 [2012]). Accordingly, WGI was entitled to summary judgment dismissing the complaint insofar as asserted against it. Dillon, J.P., Hall, Austin and Duffy, JJ., concur.