Daniel G. Albert, J.
The novel question presented herein is the liability for negligence of a nonseller of intoxicating beverages for the injurious acts of the distributee to a third party after the distributee leaves the nonseller’s premises. Defendant Avis, Inc. moves for an order pursuant to CPLR 3211 (subd [a], par 7) dismissing the complaint and all cross claims for failure to state a cause of action against defendant Avis, Inc.
For the purposes of this motion, each allegation of the pleadings referring to Avis must be deemed to be true (St. Regis Tribe of Mohawk Indians v State of New York, 5 NY2d 24, 36; County of Orange v Metropolitan Transp. Auth., 71 Misc 2d 691, 696, affd 39 AD2d 839). Essentially, the allegations of the pleadings with respect to defendant Avis, Inc. may be summarized as follows: defendant Hugo Kajet was employed by Avis; plaintiffs were injured in an accident caused solely by defendants’ negligence; that prior to the accident, Avis conducted a party attended by Kajet "at which liquor and other intoxicating beverages were served freely and dispensed without charge” and allowed Kajet to become intoxicated; that Avis served Kajet more liquor while intoxicated and permitted Kajet to leave the party and to operate a motor vehicle.
The general rule at common law was that it was not a tort to either sell or give intoxicating liquors to ordinary able-bodied persons. The reason being that the drinking of the liquor, not the furnishing of it, was considered to be the proximate cause of any injury (45 Am Jur 2d, Intoxicating Liquors, § 553; see, e.g., Hall v Budagher, 76 NM 591, 594 [and cases cited therein]). To alleviate the obstacles posed by the common law, the Dram Shop Act was enacted to provide a remedy where none had previously existed (see generally *102 Note, Liability Under the New York Dram Shop Act, 8 Syr L Rev 252).
The New York version of the Dram Shop Act is now found in section 11-101 of the General Obligations Law, which provides in pertinent part that: "1. Any person who shall be injured in person, property, means of support, or otherwise by any intoxicated person, or by reason of the intoxication of any person, whether resulting in his death or not, shall have a right of action against any person who shall, by unlawful selling to or unlawfully assisting in procuring liquor for such intoxicated person, have caused or contributed to such intoxication; and in any such action such person shall have a right to recover actual and exemplary damages.” This statute is to be read in connection with section 65 of the Alcoholic Beverage Control Law (see Mitchell v The Shoals, 19 NY2d 338; Moyer v Lo Jim Cafe, 19 AD2d 523, affd 14 NY2d 792) which provides as follows: "Prohibited Sales. No person shall sell, deliver or give away or cause or permit or procure to be sold, delivered or given away any alcoholic beverages to 1. Any minor, actually or apparently, under the age of eighteen years; 2. Any intoxicated person or to any person, actually or apparently, under the influence of liquor”. The court construes the words "give away” as being applicable only to one engaged in the liquor business.
It is plaintiffs’ basic contention that it is the public policy of this State to protect members of the general public from injuries resulting from the excessive use of intoxicating beverages. Plaintiffs cogently argue that the above-quoted statutes, when read in conjunction, impose liability on the nonseller of alcohol to any third person who shall be injured by reason of the acts of an intoxicated person when that nonseller has contributed to such intoxication. It is quite correctly pointed out, however, that there have been no reported cases wherein liability has been imposed against a nonseller of intoxicating liquors in New York and the out-of-State authorities which plaintiffs rely upon can be distinguished.
Plaintiffs place principal reliance upon Brockett v Kitchen Boyd Motor Co. (24 Cal App 3d 87), wherein an intoxicated minor was served alcoholic beverages by his employer at a Christmas party. In addition to the fact of the intoxicated person being a minor, the defendant employer’s direction and instruction to the minor to drive the car home was found to be a crucial consideration to imposing liability by the Brockett *103 court. Thus, under circumstances indicating a wanton disregard for the safety of third persons, the California court held that the nonseller dispenser of liquor to a minor was liable to third persons for injuries caused by the minor. Significantly, the court went to great lengths to state that it was not reaching the broad question as to whether a host at a social gathering is subject to such liability. To the ,same effect are Giardina v Solomon (360 F Supp 262); Brattain v Herron (309 NE2d 150 [Ind]); Williams v Klemesrud (197 NW2d 614 [Iowa]); Thaut v Finley (50 Mich App 611); Ross v Ross (294 Minn 115), in that they all involve the dispensing of liquor to minors and not the serving of alcoholic beverages by a host at a social gathering.
While the court finds the aforestated argument to extend liability based on an expansive view of common-law negligence principles, that is, that it would be an issue of fact whether a reasonable dispenser of alcohol might foresee that a person was developing a propensity to do harm, to be somewhat persuasive (see, e.g., Berkeley v Park, 47 Misc 2d 381, involving the common-law liability of a vendor) the court finds the reasons for not extending liability to be more persuasive. Particularly so, since the court is very reluctant to enlarge the act by judicial interpretation and is of the view that any extension of liability is within the province of the Legislature and that the Dram Shop Act should be narrowly construed (cf. McNally v Addis, 65 Misc 2d 204, 222).
The implications of imposing civil liability on Avis herein are vast and far-reaching. Extending liability to nonsellers would open a virtual Pandora’s box to a wide range of numerous potential defendants when the court does not believe that the Legislature ever intended to enact a law that makes social drinking of alcoholic beverages and the giving of drinks of intoxicating liquors at social events actionable. Just a recitation of a few of the considerations involved herein impels this court to conclude that any extension of liability should be a legislative act. For example, how is a host at a social gathering to know when the tolerance of one of his guests has been reached. To what extent should a host refuse to serve drinks to those nearing the point of intoxication? Further, how is a host to supervise his guests’ social activities? The implications are almost limitless as to situations that might arise when liquor is dispensed at a social gathering, holiday parties, family celebrations, outdoor barbecues and picnics, to cite a *104 few examples. If civil liability were imposed on Avis herein, it could be similarly imposed on every host who, in a spirit of friendship, serves liquor.
In the final analysis, the controlling consideration is public policy, and any extension of liability should be carefully considered after all the factors have been examined and weighed in our legislative process, that is, after extensive hearings, surveys and investigation. Courts faced with this similar problem have adopted this approach (see Miller v Owens-Illinois Glass Co., 48 Ill App 2d 412; Halvorson v Birchfield Boiler, 76 Wash 2d 759; cf. Carr v Turner, 385 SW2d 656 [Ark]); Hamm v Carson City Nugget Casino, 85 Nev 99; Hall v Budagher, 76 NM 591, supra) and the court firmly believes that that is the policy that should be followed herein.
Accordingly, defendant Avis, Inc.’s motion to dismiss the complaint and all cross claims for failure to state a cause of action is granted in all respects.