■ ARTHUR KAPLAN, Appellant, v SIMONE BROTHERS AUTO BODY, INC., Respondent.—In an action to recover damages for malicious prosecution, abuse of process and prima facie tort, plaintiff appeals from so much of an order of the Supreme Court, Westchester County, entered April 19, 1979, as granted the branch of defendant's motion which sought dismissal of the

complaint for failure to state a cause of action. Order reversed insofar as appealed from, on the law, without costs or disbursements, and motion to dismiss the complaint for failure to state a cause of action denied. Defendant's time to answer is extended until 20 days after service upon it of a copy of the order to be made hereon, together with notice of entry thereof. The plaintiff pleaded four separate and individual causes of action, and the defendant made one general motion to dismiss for insufficiency, which motion was addressed, in omnibus fashion, to the complaint as a whole and not to each cause of action therein. In these circumstances case law is clear that should any one cause of action be sustained as legally sufficient, then the entire complaint should be sustained and the motion to dismiss be denied in its entirety *(Quinn v Cannabis Haircutters,* 72 AD2d 765, 766), without considering the sufficiency of the remaining causes of action *(De Maria v Josephs,* 41 AD2d 655), even though one or more of the remaining causes of action is insufficient on its face *(Halio v Lurie,* 15 AD2d 62, 67). Here, the second cause of action sufficiently sets forth a cause of action based on abuse of process (see *Board of Educ. v Farmingdale Classroom Teachers Assn., Local 1889, AFT AFL-CIO,* 38 NY2d 397, 400-406), and the motion to dismiss the complaint should therefore be denied even though the remaining causes of action are in our opinion insufficient in law. Mollen P. J., Hopkins, Titone and Mangano, JJ., concur.