■ KLONDIKE GOLD, INC., Respondent, v RICHMOND ASSOCIATES, Appellant, et al., Defendant. — In an action seeking damages and injunctive relief based, *inter alia,* upon claims of fraud and breach of a restrictive covenant by defendant Richmond Associates, said defendant appeals (1) from an order of the Supreme Court, Richmond County (Kuffner, J.), entered February 2, 1984, which denied its motion to dismiss the complaint as to it for failure to state a cause of action (CPLR 3211, subd [a], par 7); (2) from a further order of the same court, entered February 2, 1984, which denied a motion to strike the case

from the Trial Calendar; and (3) as limited by its brief, from so much of an order of the same court dated February 2, 1984, as denied in part its motion for a protective order. ¶ Orders entered February 2, 1984 affirmed, and order dated February 2, 1984 affirmed insofar as appealed from, with one bill of costs. ¶ On a motion to dismiss a complaint for failure to state a cause of action, the court must accept the facts alleged in the complaint as true and then determine whether those facts fit within any cognizable legal theory (*Morone v Morone,* 50 NY2d 481; *Rovello v Orofino Realty Co.,* 40 NY2d 633). Applying that standard to the complaint at bar, we find that on its face the complaint states causes of action by plaintiff as a third-party beneficiary for breach of the restrictive covenant in the lease entered into between defendant Richmond Associates and codefendant Ziggy's Mall, Inc. (*Goodman-Marks Assoc. v Westbury Post Assoc.,* 70 AD2d 145), and for fraudulent inducement by Richmond's agents causing plaintiff to enter into its own lease with Richmond Associates (*Hobart v Schuler,* 55 NY2d 1023; *Sabo v Delman,* 3 NY2d 155; cf. *Danann Realty Corp. v Harris,* 5 NY2d 317). Accordingly, the motion to dismiss the complaint was properly denied (*Kaplan v Simone Bros. Auto Body,* 77 AD2d 863). We have examined the other contentions raised and find them to be without merit. ¶ Lazer, J. P., Mangano, O'Connor and Brown, JJ., concur.