Joanne E. MEANY, Respondent,

v.

Mary C. NEWELL, et al., Mandat Bros., Inc., etc., Western Surety Company, The Estate of Preston J. Cortright, etc., Respondents, Cardinal IG Company, Petitioner, Appellant, Mary Louise Houle, et al., Respondents.

No. C7-84-523.

Supreme Court of Minnesota.

May 3, 1985.

Michael S. Kreidler, Minneapolis, for Cardinal IG Co.

Timothy W. Waldeck, Minneapolis, for Mandat Bros.

Brad C. Eggen, Minneapolis, for Meany.

SCOTT, Justice.

Petitioner Cardinal IG Company (Cardinal) seeks review of a Minnesota Court of Appeals decision reversing a summary judgment order of the trial court. This personal injury action arose from an automobile accident in which Joanne E. Meany (Meany) was injured on December 23, 1981. Meany alleged that Cardinal was liable for serving its employee Preston Cortright (Cortright) intoxicating beverages at a Christmas party during normal working hours, and for allowing Cortright to drive home in an intoxicated condition. Cardinal moved for summary judgment on the ground that no common-law or statutory cause of action was available to Meany against Cardinal as a matter of law. The district court granted the motion, and final judgment was entered in favor of Cardinal on February 10, 1984. Meany then appealed to the court of appeals, which reversed the judgment of the district court. The court of appeals held that a negligence action could be brought against an employer who provided intoxicating beverages to its employee, on the job. *Meany v. Newell,* 352 N.W.2d 779 (Minn.App.1984). We affirm in part and reverse in part.

Cardinal is a commercial and residential window glazing company in St. Louis Park, Minnesota. Cortright was employed as a night quality assurance manager for Cardinal. He was a salaried employee who typically worked from 3:00 p.m. to 2:00 a.m. During the evening of December 22, 1981, the plant closed down at approximately 11:00 p.m. and the employees were invited to a Christmas party which took place in the factory. The employees were not required to attend the party. Intoxicating beverages were provided by Cardinal to Cortright at a time when he was obviously intoxicated. For purposes of the summary judgment motion, Cardinal admitted Cortright became intoxicated at this party and that he consumed alcoholic beverages provided by Cardinal.

Cortright left the party at approximately 12:30 a.m. on December 23, 1984. At the time of the accident Cortright was driving

a vehicle owned by his commercial riding stables. Cortright was traveling on Highway 55 near Medina, without his headlights on, when he crossed over the center line and struck head-on a car driven by Mary Newell in which Joanne Meany was a passenger. Meany was seriously injured in the accident. Cortright was killed. Cortright's postmortem blood test revealed a .22 blood alcohol level. Meany alleges a violation of the Minnesota Civil Damages Act, Minn.Stat. § 340.95 (1984) (the "Act"), and general allegations of negligence against Cardinal for providing Cortright with alcoholic beverages and for improperly supervising its employee.

The issues presented by this appeal are:

(1) Whether the court of appeals was correct in determining that the Civil Damages Act applies only to commercial vendors.

(2) Whether a common-law cause of action can be brought against an employer for negligently serving alcohol to an employee.

(3) Whether the court of appeals was correct in deciding that summary judgment was not premature.

1. The court of appeals held that the Civil Damages Act, Minn.Stat. § 340.95 (1984), does not apply to social hosts, but only to commercial vendors of intoxicating beverages. *Meany v. Newell*, 352 N.W.2d 779, 782–83 (Minn.App.1984). Petitioner requests that we affirm the appellate court on that issue. The respondent urges that the employer falls under the Act. The respondent unsuccessfully argued to the court of appeals, and continues to argue to this court, that Cardinal as an employer should be distinguished from other social hosts. This argument is premised on the fact that, because Cortright was served alcohol on the work premises during employment hours, the Christmas party was one of the expected benefits and inducements of the job. Therefore, that alcohol was not "given" to Cortright but, rather, that Cardinal received consideration for the party, making the alcohol either bartered for or sold by Cardinal. The respondent

uses language in *Cady v. Coleman*, 315 N.W.2d 593, 596 (Minn.1982), to support her view that if consideration is given in exchange for the alcohol the employer can be held liable under the Act ("We hold, however, that no barter took place because no consideration was given in exchange for appellant's liquor." *Id.*).

■ Respondent ignores the fact that courts have not imposed their dram shop acts on employers, reasoning that the acts were intended to apply only to commercial vendors. *See* Comment, *Liability of Commercial Vendors, Employers, and Social Hosts for Torts of the Intoxicated*, 19 Wake Forest L.Rev. 1013, 1016 (1983). Even states with broadly worded statutes like Minnesota's have treated employers as social hosts. *Miller v. Owens-Illinois Glass Co.*, 48 Ill.App.2d 412, 199 N.E.2d 300 (1964). For example, in *Edgar v. Kajet*, a New York court refused to apply the New York Dram Shop Act to an employer who had served alcohol at a company party where an employee became intoxicated and subsequently injured a third party in a car accident. 84 Misc.2d 100, 375 N.Y.S.2d 548 (N.Y.App.Term 1975), *aff'd mem.*, 55 A.D.2d 597, 389 N.Y.S.2d 631 (1976). The court stated that extending liability to an employer would "open a virtual Pandora's box." 84 Misc.2d at 103, 375 N.Y.S.2d at 552. This court has also clearly mandated that Minnesota's Act was intended to apply only to commercial vendors. *See Cady v. Coleman*, 315 N.W.2d 593 (Minn.1982); *Cole v. City of Spring Lake Park*, 314 N.W.2d 836 (Minn.1982). The employer in this case, not being a commercial vendor, does not fall under the Act. The court of appeals is affirmed on this issue.

■ 2. Having decided that an employer does not fall under the Civil Damages Act, we must then decide if a common-law remedy is allowed. In a companion case filed today, *Holmquist v. Miller*, 367 N.W.2d 468 (Minn.1985), we reiterated that the Civil Damages Act preempts the field of remedies. Therefore, we hold there is no cause of action at common law

by a third party against an employer-social host who negligently serves alcohol to an employee. This result accords with the majority of jurisdictions which have considered the issue and found their dram shop acts to be the exclusive remedy. *See Camille v. Berry Fertilizers, Inc.*, 30 Ill. App.3d 1050, 334 N.E.2d 205 (1975) (furnishing intoxicating liquor at company party); *Behnke v. Pierson*, 21 Mich.App. 219, 175 N.W.2d 303 (1970) (furnishing alcohol at company party); *Manning v. Andy*, 454 Pa. 237, 310 A.2d 75 (1973) (furnishing liquor to employee). *See DeLoach v. Mayer Elec. Supply Co.*, 378 So.2d 733 (Ala.1979) (plaintiff sued employer whose employee injured a third party after becoming intoxicated at employer's open house; dram shop act exclusive, so no common law remedy). We reverse the court of appeals on this issue.

Although we hold that a common-law cause of action is preempted by the Civil Damages Act, we nevertheless feel compelled to discuss the court of appeals' reasoning. The court of appeals majority did not discuss the preemption issue, but decided that the plaintiff was entitled to hold the employer liable under common-law negligence principles. The majority held that some special relationships can support a negligence action against a provider of alcohol, *citing Olson v. Ische*, 343 N.W.2d 284 (Minn.1984), and *Walker v. Kennedy*, 338 N.W.2d 254 (Minn.1983). *Meany*, 352 N.W.2d at 781. The court decided that a special relationship existed in the instant case such that the employer owed a duty to control the employee's action even though he was outside the scope of employment. The court used Restatement, Torts 2d § 317 [1] as the cornerstone of its decision.

Most courts have not reached the issue of the implications of the master-servant relationship because they have considered employers to be social hosts. No states except New Mexico and Oregon (which do so statutorily) and New Jersey appear to allow an action against a social host who negligently serves alcohol to an *adult*. *See Kelly v. Gwinnell*, 96 N.J. 538, 476 A.2d 1219 (1984); N.M.Stat.Ann § 41–11–1, E (Supp.1984) (no civil liability for gratuitously provided alcoholic beverages *unless* the alcoholic beverages were provided in reckless disregard of the rights of others); Or. Rev.Stat. § 30–955 (1983) (no private host liable for damages caused by intoxicated guest unless host provided alcoholic beverages when guest was visibly intoxicated); Comment, *Employer Liability for a Drunken Employee's Actions Following an Office Party: A Cause of Action Under Respondeat Superior*, 19 Cal.W.L.Rev. 107, 120 (1982) (hereinafter *Employer Liability*).

■ In the clear majority of cases raising the office party issue, the courts have refused to hold the employer responsible. *E.g., Nichols v. McGraw*, 152 So.2d 486 (Fla.App.1963); *Brehm v. Dobson*, 15 Ill. App.3d 285, 304 N.E.2d 149 (App.Ct.1973). Historically, courts have not allowed such a common-law action. *See Employer Liability, supra.* For example, in *Halvorson v. Birchfield Boiler, Inc.*, the court refused to find a common-law action for civil damages against an employer who served alcohol at a Christmas party to an alcoholic employee who became intoxicated and injured a third party. 76 Wash.2d 759, 458 P.2d 897 (1969). *See Edgar v. Kajet*, 84 Misc.2d 100, 375 N.Y.S.2d 548 (N.Y.App. Term 1975). Section 317 has typically been used when the employee is acting negligently on the work premises, albeit during off-duty hours, such that the employer

---

1. Restatement, Torts 2d, § 317, states:

Duty of Master to Control Conduct of Servant

A master is under a duty to exercise reasonable care so to control his servant while acting outside the scope of his employment as to prevent him from intentionally harming others or from so conducting himself as to create an unreasonable risk of bodily harm to them, if

(a) the servant

(i) is upon the premises in possession of the master or upon which the servant is privileged to enter only as his servant, or

(ii) is using a chattel of the master, and

(b) the master

(i) knows or has reason to know that he has the ability to control his servant, and

(ii) knows or should know of the necessity and opportunity for exercising such control.

could control the employee's action. The difficulty in discerning when the employer's duty to control ends, leads us to reject extending that duty to off-premises actions. Since Cortright was neither on the premises nor using the employer's chattels, we reject the applicability of the Restatement to this case.

3. The third issue is whether summary judgment was granted prematurely. The court of appeals found that it was not, for several reasons. First, because the respondent had reasonable time to conduct discovery. The court of appeals based its finding on the fact that the action was commenced in December 1982. Cardinal moved for summary judgment in March 1983. The motion was denied on March 15, 1983, by the district court pursuant to Minn.R.Civ.P. 56.06, on the ground that summary judgment was premature because Cardinal had not complied with discovery requests. The court ordered that discovery requests up until March 10, 1983, must be complied with first. Cardinal renoticed the motion in August 1983, at which time the court granted summary judgment. The respondent argues that three months was not a sufficient time to conduct discovery.

Summary judgment is applicable where the pleadings, depositions, and answers to interrogatories, together with the affidavits, show there is no genuine issue as to material fact and that either party is entitled to judgment as a matter of law. Minn.R.Civ.P. 56; *Port Authority of City of St. Paul v. Fisher*, 269 Minn. 276, 132 N.W.2d 183 (1964). Although the parties really had only three months' ordered compliance for discovery in the instant case, there was no bar to continuing discovery. Further, for purposes of its summary judgment motion, Cardinal conceded that all of the allegations set forth in plaintiff's complaint against Cardinal were true. For example, Cardinal admitted that it served Cortright intoxicating beverages when it was apparent he was intoxicated. Summary judgment was not premature, and we affirm the court of appeals on this issue.

Therefore, we reverse the court of appeals' holding that an employer as a social host is liable for negligently serving alcohol to its employee when the employee injures a third party off the premises of the workplace. *See* the companion case of *Holmquist v. Miller* (filed today).

Affirmed in part, reversed in part.

COYNE, J., took no part in the consideration or decision of this case.