OPINION OF THE COURT
Melvyn Tanenbaum, J.
This motion by defendant, Huntington Hospital, for an order pursuant to CPLR 3211 (a) (7) dismissing the complaint is granted.
Upon a motion to dismiss a complaint for failure to state a cause of action, the court must accept the facts alleged in the complaint as true and determine whether these facts fit within any cognizable legal theory (Klondike Gold v Richmond Assoc., 103 AD2d 821 [2d Dept 1984]). The complaint in the instant action alleges, in effect, that defendant’s employee James Thomas reported for work in an intoxicated condition, and that defendant, although aware his means of transportation was an automobile, sent Thomas home in that condition. Shortly afterwards, the automobile driven by Thomas was the cause of a motor vehicle accident causing personal injury to plaintiff. While the court agrees with the contentions of both parties, that under the facts alleged defendant owed no duty to the public to control Thomas’ actions under General Obligations Law § 11-101, commonly known as the Dram Shop Act, it does not agree with plaintiff that a separate common-law duty to protect the general public from the actions complained of exists. *268 In order to establish tort liability, the plaintiff must demonstrate the existence and breach of a duty owed to him by defendant (Becker v Schwartz, 46 NY2d 401 [1978]; see, Restatement [Second] of Torts § 281; Prosser, Torts § 30 [4th ed]). While, as a general rule a person is under no duty to control the conduct of another (see, Restatement [Second] of Torts § 315), certain relationships, such as that between master and servant, do create such a duty (see, Restatement [Second] of Torts §§ 316-320). This duty, however, is a narrow one and under the doctrine of respondeat superior, an employer will be liable for the negligence of an employee only while the employee is acting within the scope of his employment (Johnson v Daily News, 34 NY2d 33 [1974]; Sauter v New York Tribune, 305 NY 442 [1953]). An employee acts within the scope of his employment when he is doing something in furtherance of the duties he owes to his employer and where the employer is, or could be, exercising some control, directly or indirectly, over the employee’s activities (Johnson v Daily News, supra; Zeglen v Minkiewicz, 12 NY2d 497 [1963]). Driving to and from work is not considered to be acting within the scope of one’s employment except in those instances where such travel has been found to be within the scope of the employee’s duties (Lundberg v State of New York, 25 NY2d 467 [1969]). In the instant case, defendant’s employee was not, as a matter of law, acting within the scope of his employment since his actions in becoming intoxicated prior to reporting for work can in no way be viewed as having been performed in furtherance of the employer’s requirements and the employer did not participate in creating his condition.
Nor can this court find a duty on the part of the defendant, premised independently of an employment relationship, which would require it to take reasonable measures to protect the public at large from the off-duty torts of its employee. Plaintiff cites Restatement (Second) of Torts § 319 as a basis for imposing such a duty. That section provides: "One who takes charge of a third person whom he knows or should know to be likely to cause bodily harm to others if not controlled is under a duty to exercise reasonable care to control the third person from doing such harm.”
This section requires more than mere knowledge of a person’s dangerous propensities. "Taking charge” within the meaning of section 319 requires a custodial relationship, one in which the person charged with controlling the conduct of another voluntarily assumes responsibility for that person *269 (Santangelo v State of New York, 103 Misc 2d 578 [Ct Cl 1980]; see discussion, Otis Eng. Corp. v Clark, 668 SW2d 307, 313, dissenting opn [Tex 1963]). This the defendant specifically and unequivocally declined to do. In the absence of some affirmative action by defendant to intervene or to control its employee, Thomas’ mere reporting for work could not unilaterally transfer to or create on the part of his employer responsibility for a wrongful act done prior to such reporting and there was no duty owed by defendant to this plaintiff to accept such responsibility.
The court notes that while at least one jurisdiction has apparently analogized section 319 in a fashion as to impose a duty running from an employer to the public at large in circumstances similar to those at bar (Otis Eng. Corp. v Clark, supra), no authority has been cited, nor can any be found by this court, which would suggest that this jurisdiction has judicially recognized such an expansion of an employer’s vicarious liability for the acts of his employee when committed outside the scope of employment.
The court therefore finds no basis upon which to predicate a cause of action against defendant for the injuries alleged to have been sustained by plaintiff.
Accordingly, the complaint is dismissed.