■ JOYCE LORE, Individually and as Mother and Natural Guardian of JOANNA LORE, an Infant, Appellant, v NANCY LORE, as Administratrix of the Estate of JOSEPH LORE, Deceased, et al., Respondents, et al., Defendants.—In an action, *inter alia,* to impose a constructive trust on certain property, the plaintiff appeals from an order of the Supreme Court, Westchester County (Nastasi, J.), entered March 9, 1987, which granted the motion of the defendants Nancy Lore and Joe Lore Construction Company, Inc. to dismiss the complaint insofar as it is asserted against them.

Ordered that the order is modified by deleting therefrom the provision which granted that branch of the motion which was to dismiss the fifth cause of action, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, with costs to the appellant.

Accepting the facts as alleged in the complaint as true and giving the complaint a liberal construction (see, *Morone v Morone,* 50 NY2d 481; *Guggenheimer v Ginzburg,* 43 NY2d 268; *Klondike Gold v Richmond Assocs.,* 103 AD2d 821; *Shields v School of Law,* 77 AD2d 867), we conclude that the first, second, third, fourth and sixth causes of action insofar as they are asserted against the respondents fail to state a cause of action (see, CPLR 3211 [a] [7]). As to the fifth cause of action, which alleges an oral promise by the late Joseph Lore to sell stock to the plaintiff, Joyce Lore, the relief sought therein states a cause of action sounding in breach of contract. Mangano, J. P., Bracken, Weinstein and Balletta, JJ., concur.