William and Audrey **HOLLIMAN**, Faye Bruner, Kira Holliman, Candice Holliman, and Catherine Holliman, Plaintiffs,

v.

**UNITED STATES, Defendant.**

**No. CV 98–245–TUC–WDB.**

United States District Court,
D. Arizona.

Nov. 2, 1998.

John G Stompoly, Stompoly, Stroud, Glicksman & Erickson PC, Tucson, AZ, for Plaintiffs.

Ted B. Borek, United States Attorney, Tucson, AZ, for U.S.

**ORDER**

WILLIAM D. BROWNING, Senior District Judge.

Pending before the Court is Defendant United States' August 3, 1998 Motion to Dismiss or for Summary Judgment. The motion is fully briefed and ready for decision. Oral argument was heard on October 28, 1998.

Defendant filed the motion as one to dismiss, or in the alternative, for summary judgment. The Court finds that a motion for summary judgment is premature as Defendant has not answered and no discovery has

been conducted. Therefore, the Court treats Defendant's motion solely as a motion to dismiss.

## I. Factual and Procedural Background

The Plaintiffs are William and Audrey Holliman, Faye Bruner, Kira Holliman, Candice Holliman and Catherine Holliman. The Complaint was filed on May 19, 1998, against the United States, alleging negligence under the Federal Torts Claim Act (FTCA).

The Complaint alleges the following general facts. On November 8, 1996, Plaintiff William Holliman was driving Plaintiffs Faye, Kira and Candice east on 22nd Street in Tucson, Arizona. Their vehicle was struck by a vehicle driven by Theodore Curran, who was under the influence of alcohol. Prior to the accident, Curran, a member of the Air Force, was drinking at Davis Monthan Air Force Base. Military personnel regularly purchased and drank kegs of beer in a designated building, which was the location of Curran's drinking on November 8. On that day, Staff Sergeants Senneff and Moody observed that Curran was too drunk to drive. Senneff asked Moody if he was going to give Curran a ride home, and Moody responded yes. None of the military personnel present, including Senneff and Moody, took Curran's keys, informed him that he was too drunk to drive and they would provide other transportation, or prevented him from driving his vehicle.

Plaintiff alleges that the above behavior was negligent in that the military personnel failed to control Curran's behavior. The Complaint also alleges negligence because the actions taken by the military personnel contradicted military orders, as articulated in several memorandum quoted in the Complaint.

## II. Standard

A court may grant a motion to dismiss for failure to state a claim upon which relief can be granted only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim entitling him to relief. *Western Reserve Oil & Gas Co. v. New*, 765 F.2d 1428, 1430 (9th Cir.1985), *cert. denied*, 474 U.S. 1056, 106 S.Ct. 795, 88 L.Ed.2d 773 (1986); *Conkey v. Reno*, 885 F.Supp. 1389,

1391 (D.Nev.1995). A court may look only to the facts alleged in the complaint when deciding whether to grant a Rule 12(b)(6) motion. *Western Reserve*, 765 F.2d at 1430. A court must take all material facts alleged in the complaint as true and must construe them in the light most favorable to the non-moving party. *Amfac Mortgage Corp. v. Arizona Mall of Tempe*, 583 F.2d 426, 430 (9th Cir.1978).

## III. Discussion

The Federal Torts Claim Act ("FTCA") gives exclusive jurisdiction to the district courts over claims for,

> injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). "The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674.

■ Plaintiffs' claim is based on negligence occurring in the state of Arizona, therefore, under the FTCA this Court must look to Arizona's negligence law. Arizona requires a plaintiff to satisfy a four-part test to establish negligence: (1) duty on part of defendant, (2) failure to conform, (3) causal connection between the failure and plaintiff's injury, and (4) actual damage. *See Ontiveros v. Borak*, 136 Ariz. 500, 667 P.2d 200, 204 (Ariz.1983).

■ Defendant's motion is premised on the argument that Plaintiffs fail to establish the first element of the test because Defendant's employees had no duty under Arizona negligence law. The question of whether a duty is owed is a question of law to be determined by the court. *See Tamsen v. Weber*, 166 Ariz. 364, 802 P.2d 1063, 1066 (Ariz.App.1990) (citing *Markowitz v. Arizona Parks Bd.*, 146 Ariz. 352, 706 P.2d 364, 366 (Ariz.1985)). Ninth Circuit case law is clear

that any duty must come from state law, and not from federal statutes or military regulations. *See Lutz v. United States,* 685 F.2d 1178, 1184 (9th Cir.1982). Therefore, to the extent that Plaintiffs attempt to establish a duty arising out of military memorandum, policy or regulations, their claim fails.

### Duty of Social Hosts

■ Arizona law is clear that social hosts, including employers, do not have a duty to a third party injured by a guest to whom they served or furnished alcoholic beverages. *See Bruce v. Chas Roberts Air Cond., Inc.,* 166 Ariz. 221, 801 P.2d 456, 459 (Ariz.Ct.App. 1990) (finding no employer liability for accident after employee purchased beer himself and drank on work premises); *Keckonen v. Robles,* 146 Ariz. 268, 705 P.2d 945, 948–49 (Ariz.Ct.App.1985) (finding no employer liability when employee injured someone after drinking beer purchased by employees and supervisors, and consumed on work grounds). This common law rule is codified in the Arizona statutes at § 4–301, which states:

> A person other than a licensee or an employee of a licensee acting during the employee's working hours or in connection with such employment is not liable in damages to any person who is injured, or to the survivors of any person killed, or for damage to property, which is alleged to have been caused in whole or in part by reasons of the furnishing or serving of spirituous liquor to a person of the legal drinking age.

ARIZ.REV.STAT.ANN. § 4–301 (West 1995).

Plaintiffs concede that the general rule for social host liability is correctly stated above. However, they argue that their claim is not based on social host liability but on the theory that military personnel voluntarily assumed a duty and performed it negligently.

### Voluntary Assumption of Duty

■ The Arizona Supreme Court has found that, although inaction is not usually a basis for liability, if a person voluntarily assumes a duty and performs it negligently it may create liability. *See Grimm v. Arizona Bd. of Pardons and Paroles,* 115 Ariz. 260, 564 P.2d 1227, 1234 (Ariz.1977). In *Grimm,* the Court looked to § 319 of the Restatement of Torts, Second and found that a duty was owed by a Pardon and Parole Board when deciding whether to release a prisoner over whom they had voluntarily assumed responsibility. *See id.* at 1234. Section 319 states:

> Duty of Those in Charge of Person Having Dangerous ·Propensities One who takes charge of a third person whom he knows or should know to be likely to cause bodily harm to others if not controlled is under a duty to exercise reasonable care to control the third person to prevent him from doing such harm.

RESTATEMENT (SECOND) OF TORTS § 319 (1965).

Plaintiffs argue that Curran's co-workers voluntarily assumed a duty to prevent Curran from driving and breached that duty, creating liability based on the above case law and Restatement. However, *Grimm* involved very different factual circumstances, and in the *Riddle* case, which involved a more analogous employer-employee relationship, the Court rejected § 319 as not applicable to the facts. *Riddle v. Arizona Oncology Serv., Inc.,* 186 Ariz. 464, 924 P.2d 468, 473 (Ariz.Ct.App.1996). In *Riddle,* an employee was visibly intoxicated at work. Due to her impairment, the employer ordered her to leave the premises before the end of her shift. The employee left in her vehicle and injured a third party in an accident. *Id.* at 469–70. Under those circumstances, the court found that the employer never took the employee into his custody, had no duty to do so, and further, that the "employer lack[ed] the corresponding legal right to exercise such control." *Id.* at 473 (quoting *Otis Engineering Corp. v. Clark,* 668 S.W.2d 307, 314 (Tex.1983) (dissent)).

The Court finds no material distinctions between *Riddle* and the instant case. The military personnel involved never exercised any control over Curran, nor did they have a duty to do so. During oral argument, Plaintiffs urged the Court to allow discovery to go forward as additional facts may indicate that § 319 is in fact controlling. However, none of the facts alleged in the Complaint or in the

Plaintiffs' Response, or even the facts which Plaintiffs' counsel hypothesized *might* come to light in discovery, indicate that any military personnel "took charge of" Curran, or voluntarily assumed a duty to do so. Although danger to others may have been foreseeable under the circumstances, this in itself does not impose a duty. *See Riddle,* 924 P.2d at 470 (quoting *Markowitz v. Arizona Parks Bd.,* 146 Ariz. 352, 706 P.2d 364, 368–69 (Ariz.1985)). Although Arizona has applied Restatement § 319 and *Grimm* under other circumstances, it does not establish a duty based on the facts alleged in the instant case.

*Additional Theories of Liability*

Plaintiffs put forth two additional arguments in their Response. They contend that Senneff and Moody were acting in the scope of their employment, and therefore, if negligent, Defendant is liable based on the theory of respondeat superior. Second, Plaintiffs argue that Defendant may be liable under a theory of negligence per se for violation of a safety statute or ordinance. On its face, the first argument requires that the Court find negligence on the part of the employees, which entails establishing a duty, and similarly, the second argument requires that the Court determine that Defendant had a duty. *See Lutz v. United States,* 685 F.2d 1178, 1184 (9th Cir.1982) (not reaching negligence per se until after the court found a state imposed duty on private individuals in like circumstances). Because the Court determined above that no duty was owed under Arizona law, the Court does not reach the arguments based on scope of employment or negligence per se.

## V. Conclusion

Arizona law is clear that no employer, including the United States, owes a duty to a third party injured by an employee who consumes alcohol at the premises of the employer. Further, the military personnel at issue in the instant case did not voluntarily assume a duty to prevent Curran from driving while intoxicated. Because Defendant had no duty under Arizona law, there can be no liability for negligence under the FTCA. Taking all facts as alleged by Plaintiffs as true, the

Court finds that Plaintiffs are unable to state a claim for relief.

Accordingly, IT IS **ORDERED** that Defendant's August 3, 1998 Motion to Dismiss is **GRANTED**. IT IS FURTHER **ORDERED** that this action is **DISMISSED WITH PREJUDICE.**