■ MARION GIST et al., Respondents-Appellants, v HOUSE MANAGEMENT, INC., et al., Defendants, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., et al., Respondents, and WELLS FARGO BANK, NA, et al., Appellants-Respondents. [989 NYS2d 350]—

In an action, inter alia, to rescind two mortgages and notes, the defendants Wells Fargo Bank, NA, and America's Servicing Company, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (F. Rivera, J.), dated November 9, 2012, as denied that branch of their motion, made jointly with the defendant Mortgage Electronic Registration Systems, Inc., which was pursuant to CPLR 3211 (a) to dismiss the twelfth cause of action insofar as asserted against the defendants Wells Fargo Bank, NA, and America's Servicing Company, Inc., and the plaintiffs cross-appeal, as limited by their brief, from so much of the same order as granted that branch of the motion of the defendants Mortgage Electronic Registration Systems, Inc., Wells Fargo Bank, NA, and America's Servicing Company, Inc., which was pursuant to CPLR 3211 (a) to dismiss the sixth cause of action insofar as asserted against them and granted that branch of the motion of the defendants Intracoastal Abstract Company, Inc., and Pan American Land Services, Inc., which was pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, and that branch of the motion of the defendants Wells Fargo Bank, NA, and America's Servicing Company, Inc., made jointly with the defendant Mortgage Electronic Systems, Inc., which was pursuant to CPLR 3211 (a) to dismiss the twelfth cause of action insofar as asserted against the defendants Wells Fargo Bank, NA, and American's Servicing Company, Inc., is granted; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants Mortgage Electronic Registration Systems, Inc., Wells Fargo Bank, NA, and America's Servicing Company, Inc., and the defendants Intracoastal Abstract Company, Inc., and Pan American Land Services, Inc., appearing separately and filing separate briefs.

The plaintiffs commenced this action alleging various wrongful acts stemming from their purchase of certain real property in Brooklyn in June 2006. The defendants Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), Wells Fargo Bank, NA (hereinafter Wells Fargo), and America's Servicing Company, Inc. (hereinafter, together with Wells Fargo, the servicing defendants), and the defendants Intracoastal Abstract Company, Inc., and Pan American Land Services, Inc. (hereinafter

together the title defendants), separately moved, inter alia, pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against each of them.

The Supreme Court denied that branch of the motion of MERS and the servicing defendants which was pursuant to CPLR 3211 (a) to dismiss the twelfth cause of action insofar as asserted against the servicing defendants. The servicing defendants appeal from that portion of the order. However, the Supreme Court granted that branch of the motion of MERS and the servicing defendants which was pursuant to CPLR 3211 (a) to dismiss the sixth cause of action insofar as asserted against them, and granted that branch of the title defendants' motion which was pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them. The plaintiffs cross-appeal from those portions of the order.

The Supreme Court should have granted that branch of the motion of MERS and the servicing defendants which was pursuant to CPLR 3211 (a) to dismiss the twelfth cause of action insofar as asserted against the servicing defendants, as the complaint fails to adequately allege that the servicing defendants are "debt collectors" within the meaning of section 1692a (6) of the Fair Debt Collection Practices Act (15 USC § 1692a [6]; *see* CPLR 3211 [a] [7]; *Perry v Stewart Tit. Co.*, 756 F2d 1197, 1208 [5th Cir 1985]; *Thomas v JPMorgan Chase & Co.*, 811 F Supp 2d 781, 801-802 [SD NY 2011]; *Kevelighan v Trott & Trott, P.C.*, 771 F Supp 2d 763, 772-773 [ED Mich 2010]).

Contrary to the plaintiffs' contentions on their cross appeal, the Supreme Court properly granted that branch of the motion of MERS and the servicing defendants which was pursuant to CPLR 3211 (a) to dismiss the sixth cause of action insofar as asserted against them for failure to state a cause of action (*see* CPLR 3211 [a] [7]; *cf. Thomas v LaSalle Bank N.A.*, 79 AD3d 1015, 1018 [2010]; *cf. also Cervini v Zanoni*, 95 AD3d 919, 921 [2012]; *Stangel v Zhi Dan Chen*, 74 AD3d 1050, 1052 [2010]). Also, contrary to the plaintiffs' further contention, the Supreme Court properly granted that branch of the title defendants' motion which was pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them for failure to state a cause of action (*see* CPLR 3211 [a] [7]; *cf. McGovern v Nassau County Dept. of Social Servs.*, 60 AD3d 1016, 1017 [2009]; *cf. also Kaplan v Simone Bros. Auto Body*, 77 AD2d 863, 864 [1980]). Skelos, J.P., Chambers, Lott and Duffy, JJ., concur.